```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )  CRIM. NO.  02-10013-WGY
                                   )
          vs.                      )
                                   )
RICHARD COLVIN REID,               )
a/k/a ABDUL-RAHEEM,                )
a/k/a ABDUL RAHEEM, ABU IBRAHIM    )
                                   )
              Defendant.           )
```

## JOINT MOTION FOR TEMPORARY PROTECTIVE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Massachusetts, and Defendant Richard Colvin Reid, by and through his attorneys, hereby request respectfully that the Court issue the proposed Temporary Protective Order for Sensitive Security and Classified Information, in the form filed simultaneously herewith.  As grounds for this Joint Motion, the parties state that entry of this proposed Temporary Protective Order would provide Defendant sufficient time to file a response or opposition, particularly while one of defense counsel is out of the office until July 1, 2002, and eliminates the need for an expedited hearing or briefing schedule, pending the Court's final disposition of the government's June 21, 2002 Motion for Protective Order. Notwithstanding this Joint Motion and the proposed Temporary Protective Order, the government acknowledges that Defendant

retains the right to oppose or respond to the government's June 21, 2002 Motion in the same manner as if this Joint Motion and proposed Temporary Protective Order had not been filed.

Respectfully submitted,

| | |
|---|---|
| RICHARD COLVIN REID | MICHAEL J. SULLIVAN |
| By His Attorney | United States Attorney |
| | By: |
| OWEN WALKER, ESQ. | GERARD T. LEONE |
| ELIZABETH PREVETT, ESQ. | Associate U.S. Attorney |
| Federal Defender'S Office | TIMOTHY Q. FEELEY |
| Attorneys for Defendant | COLIN OWYANG |
| (617) 223-8061 | Assistant U.S. Attorneys |
| | (617)748-3151 |

Date:   June 24, 2002

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CRIM. NO.  02-10013-WGY |
| ) | |
| vs. ) | |
| ) | |
| **RICHARD COLVIN REID,** ) | |
| **a/k/a ABDUL-RAHEEM,** ) | |
| **a/k/a ABDUL RAHEEM, ABU IBRAHIM** ) | |
| ) | |
| **Defendant.** ) | |

## TEMPORARY PROTECTIVE ORDER FOR
## SENSITIVE SECURITY AND CLASSIFIED INFORMATION

Based on the representations in the parties' June 24, 2002 Joint Motion for Temporary Protective Order, it is hereby ORDERED that:

(1) Defense counsel may not hereafter disclose any material, its substance or content, produced by the government that is visibly marked or has otherwise been designated Sensitive Security Information (or SSI), to defendant Reid in any form, whether oral or written or otherwise, or any portion or summary thereof;

(2) Defense counsel may consult with defendant Reid or prospective expert witnesses engaged in the preparation of Reid's defense in this case regarding any issues which arise in this case, provided that such consultation is solely for the representation of Reid in this case, provided that defense counsel not disclose any portion of the substance or content of SSI in these communications, and provided that defense counsel

otherwise comply with the provisions of this Protective Order;

(3) Defense counsel may disclose or discuss any SSI with third persons retained as expert witnesses under Fed. R. Crim. P. 16 and engaged in the preparation of Reid's defense in this case, provided that those disclosures or discussions are solely for that purpose, and provided that defense counsel inform such third parties not to disclose or discuss any SSI with any other persons;

(4) Such retained expert witnesses as referenced in (3) shall not, without prior permission from this Court, disclose to any other persons or entities such SSI as they obtain in any fashion from defense counsel in this case;

(5) Any papers filed with the Court involving, discussing, attaching, including or referring to the contents of, any SSI material shall be filed under seal and shall not be served on or otherwise disclosed to defendant Reid personally;

(6) Defense counsel must give advance notice to the government and the Court of any intention to use SSI material at trial or in any hearing or other proceeding.  Such notice must be given sufficiently in advance of any such contemplated use as to permit sealed briefing and in camera argument, as may be necessary, without the presence of the defendant Reid personally, to address the admissibility or use of any such information and such security measures as may be necessary.  Defense counsel

shall not otherwise use or disclose any SSI material, its substance or content at trial or in any hearing or other proceeding without further order of the Court;

(7) Defense counsel and retained expert witnesses identified in (3) shall return to the government, at the conclusion of this case, all copies of all SSI produced in connection with this case; and

(8) Defense counsel shall not disclose or discuss information contained in classified materials, their substance or content to or with any third parties under any circumstances, including without limitation defendant Reid.

Nothing in this Protective Order shall prevent defense counsel from seeking review or modification of any provision of this Order, as circumstances may warrant.

SO ORDERED
This __ day of _____, 2002.

_____
WILLIAM G. YOUNG
Chief United States District Judge
District of Massachusetts